# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HILARIO PEREZ, III AND OTHERS
SIMILARLY SITUATED,**

                **Plaintiffs,**

**-vs-**                                              **Case No. 6:07-cv-792-Orl-28DAB**

**AVATAR HOLDINGS, INC.,,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT NOTICE OF COLLECTIVE ACTION SETTLEMENT AND MOTION TO APPROVE COLLECTIVE ACTION SETTLEMENT (Doc. No. 30)**
>
> **FILED:** February 5, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

This motion seeks approval of a collective action settlement; yet states "[t]his instant motion does not seek final approval of the Settlement." (Doc. No. 30 at 6). It provides that "[t]he Parties have agreed to the conditional certification of a representative opt-in class for this Action" ( at 4), but notes Defendant "denies . . . that the action may properly be prosecuted as a collective action under the FLSA . . ." (at 3). Moreover, it appears to seek *preliminary* approval of settlement terms for currently

unasserted claims of as yet unknown future opt-in Plaintiffs. While the motion contains certain contradictions, what is clear, based on the documents filed in support of the motion, is that the current parties negotiated and entered into a settlement purporting to bind themselves and all *future* parties to this action *prior to* any certification of the case as a collective action (or motion for same) and, indeed, prior to any notification by any person of a desire to opt-in as an additional plaintiff. Importantly, the supporting documents also show that the only current Plaintiff has purported to settle the only claim currently before the Court (*See* the motion and Doc. No. 31-2 and 31-3). As the Court cannot approve a hypothetical settlement on behalf of absent, unrepresented potential plaintiffs, and as the settlement agreement before the Court appears to be conditional on obtaining relief the Court is without authority to grant, it is **respectfully recommended** that the Court **deny** the motion, without prejudice to submission of a proposed settlement of this Plaintiff's claims. Alternatively, if this motion is denied, the parties would be free to continue to litigate this case, either individually or as a contested collective action.

The motion is in two parts: seeking "preliminary" approval of the settlement and seeking to permit notification to the putative class. The Court address each, in turn.

### *Approval of a settlement in a FLSA case*

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring

a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Complaint is styled as a collective action and asserts that Plaintiff, a customer care representative employed during the relevant time period by Defendant, and other unnamed but allegedly similarly situated persons were not paid overtime in accordance with the requirements of FLSA (Doc. No. 1). The prayer for relief seeks authorization of notice to similarly situated employees, a declaration that Defendant has willfully violated the overtime provisions of FLSA, an award of damages for unpaid overtime, an additional amount as liquidated damages and "if liquidated damages are not awarded, then in the alternative, prejudgment interest," and reasonable attorney's fees and costs, with the same relief being awarded "to all persons who opt into this action pursuant to 29 U.S.C. § 216(b)" (Doc. No. 1 at 4-5).[1] As of the date of this Report, no persons have filed a Notice of intent to join or opt in to the suit.

Plaintiff filed verified interrogatories, indicating that he worked approximately 15 overtime hours a week from October 18, 2004 through November 1, 2006 (Doc. No. 20-2). He was paid $45,000 yearly, plus bonuses, quarterly. Plaintiff stated that he was unable to calculate his claim without records from the employer, but estimated his damages to be approximately $46,000.00. No breakdown of how Plaintiff arrived at that figure is provided. *Id.* The Verified Summary provided by Defendant does not indicate that Plaintiff worked any overtime hours (Doc. No. 22).

---

[1] The Complaint was amended solely to correct the name of the corporate defendant. *See* Doc. Nos. 13, 15 and 17.

According to the motion and the documents submitted along with the motion, "the parties have decided to settle the case" (Doc. No. 30 at 3). The motion sets forth that Plaintiff has agreed to full compensation of all overtime owed, plus interest, and an additional amount of $15,000.00 (apparently in consideration of signing a general release and for his unspecified services as 'class representative'). Defendant has also agreed to pay "all attorney's fees and costs of the action" and the employer's portion of payroll taxes on W-2 wages (Doc. No. 30 at 5).

A settlement calling for "full" compensation ordinarily presents no problem for review and approval. Here, however, the proposed settlement is tied to other matters, including disposition of claims of other individuals, not parties to this litigation. As it is unclear whether the parties here wish to settle apart from these other considerations, the Court cannot approve the settlement as to this Plaintiff, as presently presented. Moreover, if this Plaintiff's claims are, in fact, fully settled, there is no basis for further action by the Court. As shown below, with respect to the other relief requested (permitting notification to the putative class) this Court cannot proceed.

### *The Effect of a Settlement*

It is axiomatic that "[s]ettlement of a plaintiff's claims moots an action." *Lusardi v. Xerox Corp.,* 975 F.2d 964, 974 (3rd Cir. 1992), *citing Lake Coal Co. v. Roberts & Schaefer Co.*, 474 U.S. 120, 106 S.Ct. 553, 88 L.Ed.2d 418 (1985); *Hammond Clock Co. v. Schiff*, 293 U.S. 529, 55 S.Ct. 146, 79 L.Ed. 639 (1934); and 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure, § 3533.2, at 233 (1984). This is no less true in the context of an FLSA case, as this Court has noted. *See Holcomb v. Mortgage House, Inc.,* 2007 WL 129008 (M.D. Fla. 2007); *see also Maranon v. Appliance Direct, Inc.,* 2008 WL 151891 (M.D. Fla. 2008). As stated in *Holcomb:*

> Article III of the United States Constitution requires that a "plaintiff ... make out a 'case and controversy' between himself and the defendant; that is, the plaintiff must allege 'a distinct and palpable injury to himself' such as to warrant his invocation of federal-court jurisdiction." *National Wildlife Fed. v. Dep't of Interior,* 616 F.Supp. 889, 889 (D.D.C.1984); *see Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir.2001) ("Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of cases and controversies.").
>
> If there is no live controversy, the Court must dismiss Plaintiff's overtime claim as moot. *See National Advert. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir.2005) ("By its very nature, a moot suit cannot present an Article III case and controversy and the federal courts lack subject matter jurisdiction to entertain it."), *cert. denied*, 126 S.Ct. 1318 (2006); *Al Najjar*, 273 F.3d at 1335 ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then case is moot and must be dismissed."). In the FLSA case of *Thomas v. Interland, Inc.,* Civ. No. 1:02-cv-3175CC, 2003 WL 24065651 (N.D. Ga. Aug. 25, 2003), the district court held that the case was moot and it lacked subject matter jurisdiction to hear plaintiff's FLSA claim where defendant offered to satisfy plaintiff's entire demand. *Cf. Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F.Supp.2d 1211, 1219 (offer of judgment for more than employee could have received at trial in action for overtime wages under FLSA, plus attorney's fees and costs to be determined, rendered case moot); *see Rand v. Monsanto*, 926 F.2d 596, 597-98 (7th Cir.1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake.").

*Holcomb v. Mortgage House, Inc*., 2007 WL 129008, *2 (M.D. Fla. 2007).

Applied here, if the settlement agreement is, in fact, valid and enforceable, by accepting the proffered settlement amount, which Plaintiff has agreed to accept in full satisfaction for any and all claims, Plaintiff mooted any existing controversy as to him and, as of the date of signing of the documents (January 25, 2008), there was no dispute left to litigate.  As such, the Court has no jurisdiction to grant the second part of the motion, notifying other would be plaintiffs of the action and providing them an opportunity to opt-in.  *See Mackenzie v. Kindred Hospitals East, LLC,* 276 F. Supp.2d 1211, 1221 (M.D. Fla. 2003) (denying a motion to facilitate notice filed after a defendant served offer of judgment for lack of an evidentiary basis and "there is only one plaintiff and, as to

him, the case is moot.")  This is so even though the parties have stipulated to allow the action to proceed collectively and to give notice to other would be opt-in Plaintiffs. *Sosna v. Iowa,* 419 U.S. 393, 95 S. Ct. 553, 556-57, 42 L.Ed 2d 532 (!975) ("Where the parties may be permitted to waive nonjurisdictional defects, they may not by stipulation invoke the judicial power of the United States in litigation which does not present an actual 'case or controversy'" (internal citation omitted)); *see also Lusardi, supra,* holding that district court lacked subject matter jurisdiction over motion for class certification made in an age discrimination case after putative class representatives settled individual claims, noting:

> Therefore, neither the named plaintiffs' articulated intent to continue seeking class certification after settlement of their individual claims, nor language in the MOU to the effect that "Xerox will not oppose my standing [to continue to act as a putative class representative] on the basis of this Release," App. at 1933, can avoid a mootness problem.

*Lusardi v. Xerox Corp*., 975 F.2d 964, 974 (3rd Cir.1992). As in *Lusardi,* if the settlement agreement is valid, it disposes of Plaintiff's claim against Defendant, and the case must be dismissed, as moot, because "there is no plaintiff (either named or unnamed) who can assert a justiciable claim against any defendant and consequently there is no longer a 'case or controversy' within the meaning of Article III of the Constitution." 975 F.2d at 974. *See also Ward v. Bank of New York,* 455 F. Supp.2d 262 (S.D. N.Y. 2006) (where at the time of tender of offer or judgment no other employees had opted in, offer mooted action); *Briggs v. Arthur T. Mott Real Estate LLC,* 2006 WL 3314624 (E.D. N.Y. 2006) (rejecting argument that case should not be dismissed prior to the time a court permits service of a collective action notice); *cf. Reyes v. Carnival Corp*., 2005 WL 4891058 (S.D. Fla. May 25, 2005) (noting existence of other opt-in plaintiffs as factor in not mooting controversy); *Rubery v.*

*Buth-Na-Bodhaige, Inc.,*  494 F. Supp.2d 178 (W.D. N.Y. 2007) (motion to dismiss denied where motion for certification was pending and more than fifty people had filed consents to join).

As neither the Court nor the parties can create jurisdiction where none exists, the parties "settlement agreement" is a nullity, to the extent it purports to settle Plaintiff's claims in full, while at the same time contemplating further proceedings in this case. Put simply, Plaintiff has no privilege to further litigate his fully settled claim and no other claim is before the Court. As the terms of the settlement agreement with respect to Plaintiff's claim do not appear to be divisible from the unenforceable agreement to further litigate, the entire agreement must fail and the motion must be **denied**.

It is **respectfully recommended** that the motion be denied, without prejudice, as outlined above.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 5, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy