**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HILARIO PEREZ, III AND OTHERS SIMILARLY SITUATED,**

                **Plaintiffs,**

**-vs-**                                            **Case No. 6:07-cv-792-Orl-28DAB**

**AVATAR HOLDINGS, INC.,**

                **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION AND PERMISSION TO SEND COURT SUPERVISED NOTICE OF OPT-IN RIGHTS (Doc. No. 47)**
>
> **FILED:** June 23, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

This motion follows the District Court's adoption (Doc. No. 44) of the undersigned's prior Report and Recommendation (Doc. No. 32) to deny the parties' prior Joint Notice of Collective Action Settlement and Motion to Approve Collective Action Settlement (Doc. No. 30). In that Motion, the parties, which at that time consisted solely of the Named Plaintiff and Defendant, represented that they had completely settled the case, and sought permission to send notice of the same to potential opt-in plaintiffs. The Court summarized as follows:

> While the motion contains certain contradictions, what is clear, based on the documents filed in support of the motion, is that the current parties negotiated and entered into a settlement purporting to bind themselves and all future parties to this action prior to any certification of the case as a collective action (or motion for same) and, indeed, prior to any notification by any person of a desire to opt-in as an additional plaintiff. Importantly, the supporting documents also show that the only current Plaintiff has purported to settle the only claim currently before the Court (*See* the motion and Doc. No. 31-2 and 31-3). As the Court cannot approve a hypothetical settlement on behalf of absent, unrepresented potential plaintiffs, and as the settlement agreement before the Court appears to be conditional on obtaining relief the Court is without authority to grant, it is respectfully recommended that the Court deny the motion, *without prejudice to submission of a proposed settlement of this Plaintiff's claims.* Alternatively, if this motion is denied, *the parties would be free to continue to litigate this case, either individually or as a contested collective action*.

(Doc. No. 32 at 2- emphasis added).

Thus, the Court made it clear that the parties had three options: 1) submit the settlement for approval as to the named Plaintiff only, 2) abandon the settlement and continue to litigate the merits as to the named Plaintiff only or 3) abandon the settlement and proceed collectively, as a contested collective action. The instant motion, however, is not a proposed settlement of Mr. Perez's claims, nor does it indicate that the parties have decided to continue to litigate this case, individually or as a *contested* collective action. Rather, it appears that the parties have done no more than reaffirm their settlement and add a few additional plaintiffs to the case in an effort to create a case or controversy where none exists. For the reasons set forth in the prior Report, and reiterated below, the Court cannot endorse any such effort, and therefore **recommends** that the motion be **denied.**

*The Posture of the Case*

As set forth above, Plaintiff and Defendant settled the case, and now want the Court to assist in spreading the word to other potential plaintiffs. As discussed in prior Report, however, the fact of a settlement moots the action. *See Lusardi v. Xerox Corp.,* 975 F.2d 964, 974 (3rd Cir. 1992), *citing Lake Coal Co. v. Roberts & Schaefer Co.*, 474 U.S. 120, 106 S.Ct. 553, 88 L.Ed.2d 418 (1985);

*Hammond Clock Co. v. Schiff*, 293 U.S. 529, 55 S.Ct. 146, 79 L.Ed. 639 (1934); and 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure, § 3533.2, at 233 (1984).  This is no less true in the context of an FLSA case, as this Court has noted.  *See Holcomb v. Mortgage House, Inc.,* 2007 WL 129008 (M.D. Fla. 2007); *see also Maranon v. Appliance Direct, Inc.,* 2008 WL 151891 (M.D. Fla. 2008).

In a hearing on the parties' objections to the prior Report, the parties' represented that since the time of the issuance of the Report, three[1] persons have filed Consents to Join.  According to the parties, this presents a "completely changed" factual situation, justifying the relief sought in the instant motion.  It appears to the Court, however, that no *material* facts have, indeed, changed.  As Mr. Pantas (Plaintiff's counsel) represented to the District Court at hearing:

> It's the *same settlement*, but one of the points that Judge Baker was making is that there were no opt-ins that we put forward at that point, so there's no jurisdiction for the court to certify it.  But now there are.  It is not a class action, this is a collective where all we're doing is asking to court to allow us to send notice, court approved notice to whoever we're defining as the people that could be in that particular class.  And if they want to opt-in, they can opt into the case, *and if they don't like the terms of the settlement,* they don't have to opt-in.

Thus, this Court is still faced with a set of litigants without any open case or controversy. This crucial fact is not changed by the existence of an additional three persons who have filed consents to join the suit, as the papers and counsels' representations indicate that these additional plaintiffs have, essentially, "opted in" to the settlement.  Indeed, the instant motion makes clear that "the *parties* have agreed to settle this case" and "a conditional certification for settlement purposes would assist the parties. . ."(Doc. No. 47 at 2).  As the Court noted previously, if the settlement is valid, the Court has no jurisdiction to proceed.  *See Mackenzie v. Kindred Hospitals East, LLC,* 276 F. Supp.2d 1211,

---

[1] One additional opt-in Plaintiff has withdrawn (Doc. Nos. 39, 43).

1221 (M.D. Fla. 2003) (denying a motion to facilitate notice filed after a defendant served offer of judgment for lack of an evidentiary basis and "there is only one plaintiff and, as to him, the case is moot."). This is so even though the parties have stipulated to allow the action to proceed collectively and to give notice to other would be opt-in Plaintiffs. *Sosna v. Iowa,* 419 U.S.393, 95 S. Ct. 553, 556-57, 42 L.Ed 2d 532 (1975) ("Where the parties may be permitted to waive nonjurisdictional defects, they may not by stipulation invoke the judicial power of the United States in litigation which does not present an actual 'case or controversy'" (internal citation omitted)); *see also Lusardi, supra* (holding that district court lacked subject matter jurisdiction over motion for class certification made in an age discrimination case after putative class representatives settled individual claims); *Louisdor v. American Telecommunications, Inc.,* 540 F. Supp.2d 368 (E.D. N.Y. 2008) (offer of judgment moots FLSA action).

None of the cases cited by the parties in the motion address this situation or give the Court authority to proceed on these facts. As the parties have settled, Plaintiff's claim *and* the opted in plaintiffs' claims against Defendant are moot, and the case must be dismissed after court approval of the settlement for fairness. *See Briggs v. Arthur T. Mott Real Estate LLC,* 2006 WL 3314624 (E.D. N.Y. 2006) (rejecting argument that case should not be dismissed prior to the time a court permits service of a collective action notice).

Note that this is not a case where the parties have purported to settle merely the claim of the individual named Plaintiff, without disposing of the claims of other parties. *Cf. Reyes v. Carnival Corp.*, 2005 WL 4891058 (S.D. Fla. May 25, 2005) (noting existence of other opt-in plaintiffs as factor in not mooting controversy); *Rubery v. Buth-Na-Bodhaige, Inc.,* 494 F. Supp.2d 178 (W.D. N.Y. 2007) (motion to dismiss denied where motion for certification was pending and more than fifty people had filed consents to join). Rather, it appears to the Court that the parties have arrived in court

-4-

with their claims already settled and, in essence, are attempting to treat this would be collective action as a post-certification Rule 23 class action – and formulated a preemptive global settlement accordingly. The Court finds no controlling or persuasive authority for this approach.[2]

The remedies offered by the FLSA are not like other causes of action, and a collective action is markedly distinct from a Rule 23 class action, in both procedure and principle. There is no doubt that the opt-in/opt-out distinction represents "a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by [the] FLSA." *Schmidt v. Fuller Brush Co.,* 527 F.2d 532, 536 (8th Cir. 1975). While both actions involve a plaintiff proceeding in a representative capacity, under § 216(b), even if a plaintiff can demonstrate that other potential plaintiffs are "similarly situated" employees, the plaintiff has no independent right to represent such individuals. *See, e.g., Cameron-Grant v. Maxim Healthcare Serv., Inc.,* 347 F.3d 1240, 1249 (11th Cir. 2003). Instead, the potential plaintiffs must file with the district court written consent to become a party plaintiff. 29 U.S.C. § 216(b). Unlike most Rule 23 class actions, a § 216(b) action does not become a collective action unless another plaintiff affirmatively chooses to opt into the class. *See Cameron-Grant,* 347 F.3d at 1249. "[I]n contrast, to Rule 23 class actions, the existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs." *Id*. Approving a global settlement with just the involvement of one plaintiff and *then* giving notice and an opportunity to opt in to an already settled matter, undercuts this critical distinction and the reasons justifying the distinction in the first place. Simply put: because Plaintiff has no independent right to represent others that have yet to appear, Plaintiff has no authority to settle their as yet unasserted claims.

---

[2] There have been courts that have adopted this approach, without any discussion and apparently, as here, on request of the parties. These cases are not controlling or persuasive, as the issue of mootness was not raised or resolved.

It is fundamental that an employer cannot force an employee to waive his or her rights under the FLSA. *See, generally, Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Here, however, the parties have put the proverbial cart before the horse in settling all claims, before the representative plaintiff has any indication as to exactly what those claims are and how many others he will actually represent.[3] While the Court encourages settlement, the unique character

---

[3] Consistent with the language of the FLSA, putative class members not named as plaintiffs are not deemed to have commenced suit until they have filed a written consent with the Court.

of an FLSA action argues against approval of a settlement and facilitation of court notice of same, before those claims have even been filed.  As Plaintiff has no authority to settle claims for anyone who has not opted in, and Plaintiff and the three others who have presently opted in have agreed to settle their claims against Defendant, this action is now moot.

For the foregoing reasons, it is **respectfully recommended** that the motion be **denied.**  The case should proceed as follows:  since the parties have settled the individual claims of all present parties, that settlement should be presented to the Court for review.  As this moots the action, the request for collective relief should be denied, without prejudice to the rights of any would-be opt in plaintiff to institute a separate suit seeking such relief.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 24, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy