# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HILARIO PEREZ, III AND OTHERS
SIMILARLY SITUATED,**

           **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-792-Orl-28DAB**

**AVATAR PROPERTIES, INC.,**

           **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 67)**
>
> **FILED:**      **January 26, 2009**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part**.

    Having tried and failed to convert this would be collective action into a class action, and after failing to gain approval of prior settlement agreements, Plaintiff Hilario Perez and his counsel now seek (for the third time) Court approval of the instant settlement. For the reasons that follow, the Court **recommends** that the motion be granted, in part.

*Procedural and Factual Background*

The history of this action is long and complex and set forth in prior Reports and Orders. By way of summary, Plaintiff filed suit, negotiated with Defendant, *settled the case*, and then sought approval of the settlement *and* notification to the potential class of the settlement, even though no other persons had opted in at the time. *See* Doc. No. 32. This Court found that the settlement of the only parties in the action mooted the action, stating:

> As neither the Court nor the parties can create jurisdiction where none exists, the parties "settlement agreement" is a nullity, to the extent it purports to settle Plaintiff's claims in full, while at the same time contemplating further proceedings in this case. Put simply, Plaintiff has no privilege to further litigate his fully settled claim and no other claim is before the Court. As the terms of the settlement agreement with respect to Plaintiff's claim do not appear to be divisible from the unenforceable agreement to further litigate, the entire agreement must fail and the motion must be denied.

(Doc. No. 32).

Plaintiff responded by objecting to the Report jointly with Defendant, and by filing numerous consents to join by Opt-In Plaintiffs (*See* Doc. Nos. 34, 35, 37, 39, 40, but see 43). The District Court held a hearing and adopted the Report and Recommendation to the extent that the motion to approve the settlement was denied without prejudice, and directed the parties to refile an amended joint motion (Minute Entry - Doc. No. 44).

The parties tried again by filing a second Joint Motion for conditional certification of collective action and permission to send out notices (Doc. No. 47), this time contending that *now* there were other plaintiffs so the matter was not moot. On the merits, Plaintiff alleged that he was a customer service representative and in verified interrogatories, indicated that he worked approximately 15 overtime hours a week from October 18, 2004 through November 1, 2006 (Doc. No. 20-2). He was paid $45,000 yearly, plus bonuses, quarterly. Plaintiff stated that he was unable to calculate his claim without records from the employer, but estimated his damages to be approximately $46,000.00. No breakdown of how Plaintiff arrived at that figure was provided. *Id.*

The Verified Summary provided by Defendant did not indicate that Plaintiff worked any overtime hours (Doc. No. 22). The proposed settlement in the second motion included a payment of $15,000.00 to Plaintiff, allegedly for his services as 'class representative.' The Court recommended that the second motion also be denied, noting that, in the prior Report:

> [T]he Court made it clear that the parties had three options: 1) submit the settlement for approval as to the named Plaintiff only, 2) abandon the settlement and continue to litigate the merits as to the named Plaintiff only or 3) abandon the settlement and proceed collectively, as a contested collective action. The instant motion, however, is not a proposed settlement of Mr. Perez's claims, nor does it indicate that the parties have decided to continue to litigate this case, individually or as a contested collective action. Rather, it appears that the parties have done no more than reaffirm their settlement and add a few additional plaintiffs to the case in an effort to create a case or controversy where none exists. For the reasons set forth in the prior Report, and reiterated below, the Court cannot endorse any such effort, and therefore recommends that the motion be denied.

(Doc. No. 50). The Court directed the parties to present the settlement with the named Plaintiff for review, found that the request for collective relief was mooted, and thus recommended denial of the motion, without prejudice to the rights of any would-be opt in plaintiff to institute a separate suit seeking relief. *Id.* at 7. The District Court adopted the Report and Recommendation, over the parties' objection (Doc. No. 63). Plaintiff's counsel then filed a Notice of Withdrawal of Opt In Plaintiffs (Doc. No. 64) and filed the instant Notice of Settlement (Doc. No. 65) and Joint Motion to Approve (Doc. No. 67).

Upon review of the instant motion, the Court ordered that the record be supplemented with respect to certain matters, and scheduled a fairness hearing (Doc. No. 68). Plaintiff and Defendant filed their Response, addressing the Court's concerns (Doc. No. 69). Upon review of that Response, the Court finds the record is now complete enough to dispose of the motion and thereby **cancels** the scheduled fairness hearing and **recommends** that the motion be granted, in part, as set forth herein.

***General Principles***

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

### *Analysis*

As represented in the papers, Plaintiff, a customer service representative with Defendant, has agreed to settle his claim for $8,811.96 (less applicable withholding) for unpaid wages allegedly

owed, $15,000.00 as "additional consideration," and an award of $25,000 for attorney's fees and costs. The Court addresses each of the three payments, in turn.

Although Plaintiff previously estimated his claim to be worth approximately $46,000 (Doc. No. 20-2), Plaintiff's papers now claim that the settlement amount "provides for full payment for all wages possibly due to him" and "this amount is greater than the amount of wages and liquidated damages Plaintiff could have recovered in this action." (Doc. No. 67 at 3). The Court assumes that the basis of this statement can only be an admission that the claim was, in fact, worth significantly less than originally thought. Taking counsel's representation at face value, it does not appear that the claim was compromised at all. As the payment of an amount greater than the claim is inherently fair and reasonable to Plaintiff, this aspect of the settlement should be **approved.**

The Court is troubled by the payment of $15,000.00 in "additional consideration," suspecting that the parties were attempting to indirectly obtain approval of the same settlement that the Court had previously rejected, by simply calling the $15,000 'class representative' payment something else. If that is the case, the Court reminds the parties that, as in the oft-told anecdote, calling it a leg does not make it so.[1] In a supplemental filing, the parties assure the Court that the additional $15,000 is "consideration in exchange for the general release obtained by Defendant in the settlement agreement." (Doc. No. 69). The Court remains skeptical, as such a substantial payment for release of claims not known to exist is highly unusual in an FLSA context, and Defendants are not normally so generous, in the Court's experience. However, the Court finds that it does not need to determine whether this additional payment is what it says it is, as the parties have represented, as officers of the

---

[1] "Father," said one of the rising generation to his paternal progenitor, "if I should call this cow's leg a tail, how many legs would she have?" "Why five, to be sure." "Why, no, father; would calling it a leg make it one?." The story has been attributed to Abraham Lincoln, but versions of the saying are found in other references of the period.

Court, that Plaintiff is receiving full compensation of all legitimate wage claims. The purpose of Court review of FLSA settlements is, among other things, to guard against employer overreaching by assuring that any settlement is "fair" from a plaintiff's point of view. It is not the task of the Court to determine whether any settlement above and beyond that which is fair and reasonable to plaintiff is also fair and reasonable to a Defendant willing to pay it. As such, this provision does not require approval, and the Court should abstain from doing so.

As for the attorney's fee and costs amounts, in supplemental filing, the parties assert that the fees and costs are "based upon the amount of work performed in this case." (Doc. No. 69). The time records attached to the filing, however, reveal a substantial amount of time for tasks directed to the other now dismissed opt in plaintiffs.[2] Moreover, the time records show substantial time spent on the unsuccessful prosecution of the prior motions and other matters not directly related to the sole surviving claim at issue. Were the Court to review this fee request in any other context, the Court would find it excessive and would reduce the award considerably. As it stands, the Court does not find that an award in this amount is "reasonable."

On the other hand, the parties have stipulated to the reasonableness of the proposed fees and the Court's interest in policing the fairness of compensation to counsel is implicated only to the extent the compensation affects Plaintiff's ultimate net recovery. *See Silva v. Miller,* 2009 WL 73164 (11th Cir. 2009) (unpublished). As Plaintiff is receiving complete compensation here, the willingness of a Defendant to pay a fee so far above and beyond that which the Court would award is puzzling, but dispositive. As Plaintiff's interest is protected and the Court cannot make a finding that payment of

---

[2]Plaintiff represents that the opt ins have filed their claims in a separate case: 6:08-cv-2172-ACC-DAB.

attorney's fees in this amount is "reasonable," it is **recommended** that the District Court make no finding with respect to this portion of the settlement, and leave the parties to their own devices.

*Conclusion*

For purposes of the FLSA, the Court **recommends** that the motion to approve be **granted, in part, only to the extent that the Court approves Plaintiff's compensation with respect to the FLSA wage claim,** and the case be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 17, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy